UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| In re: | |
|---|---|
| JMV Holdings LLC, | Case No. 18-42552-btr7 |
| | Chapter 7 |
| Debtor(s), | |

**JENNIFER RUFF'S RESPONSE TO THE**
**TRUSTEE'S OBJECTION TO PROOF OF CLAIM**
(Relating to Doc. 62)

Jennifer Ruff files this *Response to the Trustee's Objection to Proof of Claim 6* (Doc. 66) ("Objection") pursuant to 11 U.S.C. § 502(a) and Bankruptcy Rule 3007 and therefore would respectfully show the Court as follows:

1. Jennifer Ruff ("Jennifer") admits the allegation in paragraph 1 of the Trustee's Objection.

2. Jennifer admits the allegations in paragraph 2.

3. Jennifer admits the allegations in paragraph 3.

4. Jennifer admits the allegations in paragraph 4.

5. Jennifer admits to the existence of the Judgment alleged in paragraph 5 of the Trustee's Objection but specifically denies that the Judgment imposed a constructive trust equitable lien against the Debtor or its Property. All other allegations not specifically admitted in paragraph 5 are denied.

6. Jennifer admits the allegations in paragraph 6.

7. Jennifer admits the Deed of Trust was signed by Michael Ruff in his capacity as the manager of JMV Managers LLC, the legal manager of the Debtor entity. Jennifer denies all other allegations contained in paragraph 7 of the Objection. The constructive trust only touched on the property interests of Michael Ruff and could not impose a fiduciary duty upon him to manage non-

trust property such as the Property of the Debtor in favor of Suzann Ruff. All other allegations not specifically admitted in paragraph 7 are denied.

8. Jennifer denies the allegation in paragraph 8. Any constructive trust imposed by the Judgment did not impose any limitation on the Debtor's use on non-trust property.

9. Jennifer admits the allegations in paragraph 9.

10. Jennifer admits the allegations in paragraph 10.

11. Jennifer admits the allegations in paragraph 11. Jennifer incurred costs and expenses that maintained and benefited the Property. These costs and expenses were incurred over several years prior to the filing of the bankruptcy proceeding.

12. Jennifer denies the allegations in paragraph 12.

13. Jennifer denies the allegations in paragraph 13.

14. Jennifer denies the allegations in paragraph 14.

15. Jennifer admits the allegations in paragraph 15.

16. Jennifer admits the allegations in paragraph 16.

17. The allegations in paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, Jennifer denies those allegations.

18. The allegations in paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, Jennifer denies those allegations.

19. The allegations in paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, Jennifer denies those allegations.

20. Jennifer denies the allegations in paragraph 20 and further states that she is entitled to equitably relief to recovery of the sums she lent the Debtor.

21. The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, Jennifer denies those allegations.

22. Jennifer denies the allegations in paragraph 22 and further states that the constructive trust and equitable lien imposed not restrictions on Michael Ruff from managing non-trust assets like the Property.

23. The allegations in paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Jennifer denies those allegations.

24. Jennifer denies the allegations in paragraph 24.

25. Jennifer denies the allegations in paragraph 25.

26. Jennifer denies the allegations in paragraph 26. As of the date of this Response, the Trustee has not established any preferential liability against Jennifer.

27. The allegations in paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, Jennifer denies those allegations.

28. Jennifer denies the allegations in paragraph 28.

29. The allegations in paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, Jennifer denies those allegations.

30. The allegations in paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, Jennifer denies those allegations.

31. Jennifer denies the allegations in paragraph 31.

32. The allegations in paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Jennifer denies those allegations.

33. Jennifer denies the allegations in paragraph 33.

34. Jennifer denies the allegations in paragraph 34.

35. Jennifer denies the allegations in paragraph 35.

### **An Adversary Is Required for the Relief Sought by the Trustee**

36. In addition to the responses above, an adversary is required for the relief sought in the Trustee's objection. Rule 3007(b) provides:

….

> (b) DEMAND FOR RELIEF REQUIRING AN ADVERSARY PROCEEDING. A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding.

37. The Trustee's Objection seeks to 1) impose or enforce elements of a constructive trust, 2) avoid a transfer to an insider as preferential, 3) contest or invalidate through declaratory judgment Jennifer's deed of trust, and 4) equitably subordinate any claim held by Jennifer. These grounds are not properly raised in the filing of a claim objection. Each of these grounds require the Trustee to file an adversary proceeding.

38. First, seeking to impose or enforce a constructive trust claim requires the procedural protections of an adversary proceeding. Fed. R. Bankr. P. 7001(a)(7); *Haber Oil Co., Inc. v. Swinehart (In re Haber Oil Co., Inc.)* 12 F.3d 426, 437-38 (5th Cir. 1994).

39. Second, an avoidance action seeking to set aside a transfer as preferential under section 547 of the Bankruptcy Code is "a proceeding to recover money or property," requiring an adversary proceeding. Fed. R. Bankr. P. 7001(a)(1).

40. Third, the Trustee must contest the validity or extent of a lien in an adversary proceeding. Fed. R. Bankr. P. 7001(a)(2); *Chase Automotive Fin., Inc. v. Kinion (In re Kinion)*, 207 F. 3d 751, 758 (5th Cir. 2000).

41. Finally, a proceeding to subordinate any claim or interest requires an adversary proceeding as well. Fed. R. Bankr. P. 7001(a)(8).

WHEREFORE, PREMISES CONSIDERED, Jennifer Ruff asks that the Court to enter an order denying the Trustee's Objection in its entirety. Jennifer Ruff prays for general and all other appropriate relief.

Respectfully submitted:

By: /s/ Clayton L. Everett
Clayton L. Everett, State Bar No. 24065212, clayton@norredlaw.com
Warren Norred, State Bar No. 24045094, warren@norredlaw.com
Norred Law, PLLC; 515 E. Border St., Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Attorney for Jennifer Ruff

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2020, a true and correct copy of the above pleading shall be served via electronic means, if available, and by regular, first class mail, to:

*Via CM/ECF and US Mail to Claimant(s)*:
   Suzann Ruff, c/o Denis Olson
   1412 Main Street, Suite 2600
   Dallas, TX 75202
   denniso@dallas-law.com

*Via CM/ECF to Chapter 11 Trustee:*
   Christopher Moser
   2001 Bryan Street, Suite 1800
   Dallas, TX 75201
   cmoser@qslwm.com

*And all those parties receiving electronic services in this bankruptcy proceeding.*

                                          /s/ Clayton L. Everett
                                          Clayton L. Everett